UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN R. BROWN, a single person, | CASE NO. 3:23-cv-5262 |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' MOTION TO WITHDRAW THE REFERENCE |
| v. | |
| NEWMAN DU WORS LLP, a Washington Limited Liability Partnership, and JOHN DAVID DU WORS, an individual, | |
| Defendants. | |

**INTRODUCTION**

This matter comes before the Court on the parties' stipulated motion to withdraw the automatic reference to the Bankruptcy Court. Dkt. No. 1. For the reasons stated below, the Court GRANTS IN PART the stipulated motion for the purpose of holding a jury trial, if necessary. The Court otherwise DENIES the stipulated motion and REFERS all pre-trial matters to the Honorable Judge Christopher M. Alston, United States Bankruptcy Court. Because the same parties filed the same stipulated motion to withdraw the reference on two separate occasions resulting in two matters in the district court, *see* Case Number 3:23-cv-5222, the Court enters the same substantive order in the other case.

ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' MOTION TO WITHDRAW THE REFERENCE - 1

# BACKGROUND

Plaintiff Stephen R. Brown, the Debtor-in-Possession, filed a Chapter 11 bankruptcy petition on August 11, 2022. Dkt. No. 1-1 at 5. Prior to the bankruptcy, Lisah Moegling sued Plaintiff in state court and obtained a money judgment against him. Dkt. No. 4 at 1–2. As a creditor in the underlying bankruptcy, Moegling filed an unsecured claim against Plaintiff for the judgment. *Id.* Newman Du Wors LLP and John David Du Wors (collectively, "Defendants") represented Plaintiff in this state court action. *Id.* Newman Du Wors LLP filed an unsecured claim for Plaintiff's outstanding legal fees. *Id.*

Plaintiff brought this adversary proceeding alleging Defendants committed malpractice and objecting to Newman Du Wors's proof of claim. Dkt. No. 1-1 at 5. A few weeks later, Plaintiff and Defendants filed a stipulated motion to withdraw the automatic reference to the Bankruptcy Court. *See* Dkt. No. 1. The parties argue withdrawal is mandatory because Plaintiff's malpractice claim is a non-core issue "beyond the scope of the creditor's proof of claim" and because, they say, a bankruptcy court "has no constitutional power to evaluate" such claims. Dkt. No. 1-1 at 7 (citing *Stern v. Marshall*, 564 U.S. 462, 484 (2011)). The parties further argue a jury trial would not be available in the Bankruptcy Court. *Id.*

Under Local Rules W.D. Wash. Bankr. 5011-1(b), Judge Alston provided a Report and Recommendation, in which he recommends this Court withdraw the reference of this adversary proceeding. Dkt. No. 4 at 9. The Bankruptcy Court, however, "remains willing and able to handle all matters and motions prior to trial[.]" *Id.*

## DISCUSSION

**I.  Legal standards at issue.**

The District refers to the Bankruptcy Court "all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to a case under Title 11." LCR 87(a). District courts can withdraw the reference in whole or in part "for cause shown[.]" 28 U.S.C. § 157(d). In deciding whether the parties have shown cause, "a district court 'should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn.'" *In re Parlor Bellevue LLC*, No. C18-1336 RAJ, 2019 WL 1403264, at *1 (W.D. Wash. Mar. 28, 2019) (quoting *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)). Bankruptcy courts may enter orders and judgments in core proceedings but must submit proposed findings of fact and conclusions of law to the district court for de novo review in non-core proceedings. 28 U.S.C. § 157(b)(1), (c)(1). Core proceedings include the allowance or disallowance of claims against the bankruptcy estate. 28 U.S.C. § 157(b)(2)(B). Non-core proceedings "do not depend on bankruptcy laws for their existence" and "could proceed in another court[.]" *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).

As explained by the Report and Recommendation, irrespective of these statutory designations, certain core proceedings require the parties' consent for adjudication by a bankruptcy court. *See* Dkt. No. 4 at 6–7. "Article III prevents bankruptcy courts from entering final judgment on claims that seek only to 'augment' the bankruptcy estate and would otherwise 'exis[t] without regard to any bankruptcy proceeding.'" *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 673 (2015) (quoting *Stern*, 564 U.S. at 499). Claims falling within this ambit, known as "*Stern* claims," require express consent by the parties for a bankruptcy judge to enter final orders and judgments. *See id.* at 678.

## II. Plaintiff's malpractice action requires adjudication by the District Court.

The parties agree Plaintiff's objection to Newman Du Wors's proof of claim is a core issue that can be decided by the Bankruptcy Court. *See* Dkt. No. 1-1 at 7. But the parties argue Plaintiff's malpractice claim is not a core proceeding. *Id.* This Court sides with the reasoning set forth in the Report and Recommendation and finds Plaintiff's malpractice claim is a core proceeding under 28 U.S.C. § 157(b)(2)(B). *See* Dkt. No. 4 at 5 ("[M]alpractice actions raised by debtors in conjunction with objections to proofs of claims for legal fees are inextricably linked to the claim objections process and are therefore also 'core proceedings.'").

Notwithstanding its status as a core proceeding under the statute, Plaintiff's malpractice action qualifies as a *Stern* claim since it seeks to augment the bankruptcy estate. Because the parties declared they do not consent to adjudication of this issue by the Bankruptcy Court, the Court treats Plaintiff's malpractice claim as a non-core proceeding. *See Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 36 (2014).

## III. Partial withdrawal promotes efficient resolution of Plaintiff's claims.

In deciding whether to withdraw a reference to the Bankruptcy Court, district courts consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008 (citing *In re Orion Pictures Corp.*, 4 F.3d at 1101). The parties argue withdrawing the reference "will promote the efficient use of judicial resources and the economical resolution of the issues." Dkt. No. 1-1 at 7. Withdrawal for the purpose of conducting a jury trial will avoid unnecessary costs to the parties because it would allow for a single proceeding before this Court. This Court does not address the uniformity of bankruptcy administration or prevention of forum shopping since the parties do not raise these factors in their motion. Because this case has been before the Bankruptcy Court since August 2022, Judge

ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' MOTION TO WITHDRAW THE REFERENCE - 4

Alston is familiar with the underlying facts and legal issues. Permitting pretrial matters to be held by the Bankruptcy Court and withdrawing for the purposes of a jury trial provides for the most efficient use of judicial resources given Judge Alston's familiarity and expertise.

## CONCLUSION

Accordingly, having considered the parties' stipulated motion, the Report and Recommendation, and the remainder of the record, the Court GRANTS IN PART the stipulated motion to withdraw the reference for the purpose of holding a jury trial, if necessary. The Court otherwise DENIES the motion to withdraw the reference and REFERS all pre-trial matters to Judge Alston.

Dated this 2nd day of June, 2023.

Jamal N. Whitehead
United States District Judge